ISAAC WELLINGTON *vs.* JOHN GEARY.
SAME *vs.* JOHN McCORMICK.

As against a mere stranger, a levy of an execution under *St.* 1844, *c.* 107, is *prima facie* sufficient evidence of title to sustain an action for a trespass, without proof that an action to recover possession of the land was brought within a year from the return of the execution on which the levy was made.

Two actions of tort, in the nature of trespass *quare clausum,* tried in the superior court before *Brigham,* J., by consent of parties, without a jury.

It appeared that the land in question was formerly owned by the Edgeworth Company, a corporation, which conveyed the same to certain persons as trustees to wind up their affairs, after which the plaintiff attached the same under *St.* 1855, *c.* 453, in a suit against the Edgeworth Company, and levied his execution thereon, and the execution was returned and recorded on the 22d of October 1858. In the fall of 1859, the defendants severally entered upon the premises and cut several trees. This was all the evidence introduced, and the judge ruled that the actions could not be maintained, and ordered judgment for the defendants. The plaintiff alleged exceptions.

*J. Q. A. Griffin,* for the plaintiff.

*H. W. Muzzey,* for the defendants.

BIGELOW, C. J. The only objection made to the validity of the plaintiff's title under his attachment and levy is, that no action to recover possession of the premises was commenced by him within one year from the return of the execution on which the levy was made. This objection proceeds on the ground that the provision in *St.* 1844, *c.* 107, § 4, is applicable to a case like the present, where the levy was made under *St.* 1855, *c.* 453. Assuming without deciding that this proposition is correct, it does not follow that the plaintiff's levy is void. It is not essential to the validity of a levy made in pursuance of the provisions of *St.* 1844, *c.* 107, that a suit for possession of the premises should be commenced within a year from the

return of the execution on which the levy is made, unless it appears that the persons in whom the record title stands retain possession of the estate claiming title thereto. No such fact is shown to exist in the case at bar. The levy was *prima facie* good as against a stranger claiming no title to the premises. Such was the condition of the defendants. They offered no evidence of title, or of any right to enter on the premises derived from those in whom the record title was vested at the time the levy was made. They were therefore mere wrongdoers. As against them, in the absence of any proof that the possession of the estate had been retained by the grantees of the corporation subsequently to the levy claiming title thereto, the plaintiff's title under his levy was good, and vested in him the right of possession.

The object of the provisions of the fourth section of the statute of 1844, *c.* 107, requiring an action to be commenced by the creditor within a year from the return of an execution on which a levy has been made, was to put a limitation on the right of parties to interfere with and create a cloud on the title of persons who might be in possession of premises holding them by conveyance valid on its face. This reason has no application to cases like the present, where the defendants are mere trespassers showing no title to the premises in controversy.

*Exceptions sustained.*